# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN GOLDEN,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | 8:19CV219<br><br>ORDER |

  The Court held a telephone conference with counsel for the parties on May 13, 2020, regarding the parties' discovery dispute. In advance of the conference, the parties submitted a joint discovery dispute chart and separate letters regarding the dispute, attached to this Order. In accordance with the court's discussion during the telephone conference,

  **IT IS ORDERED** that the Court's rulings on the parties' discovery dispute are stated on the record uploaded to the docket. (Filing No. 37, audio recording).

  Dated this 13th day of May, 2020.

                     BY THE COURT:

                      s/ Michael D. Nelson
                      United States Magistrate Judge

Moving Party:   Kevin Golden, Plaintiff by Matthew G. Miller

# Kevin Golden v. State Farm Mutual Automobile Ins Co. – 8:19 cv 219

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:        Kevin Golden, Plaintiff by Matthew G. Miller

The responding party is:    State Farm, Defendant by Rex A. Rezac

**Note:** If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Def Answer to Interrog. No. 2 | The identity of State Farm employees, agents, or consultants who determined that the Plaintiff's medical bills were caused by the collision before defendant paid 77k of medical bills. | Identify all known individuals having knowledge of Plaintiffs injuries and medical expenses claimed from this collision. | Defendant identifies parties, drivers of other vehicles, witness, police officer, Plaintiff's medical providers. Experts not yet determined. | Under liberal discovery rules, Plaintiff is entitled to this information. | By Order dated September 19, 2019, the Court bifurcated the Plaintiff's bad faith and contract claims and allowed discovery to proceed only on the contract claim. The identity of State Farm employees who were involved in handling Plaintiff's claim and payment of medical bills is irrelevant to the contract claim. | |
| Def Answer to Interrog. No. 4 | The Defendant determined Plaintiff's surgeries and medical | Set forth every medical doctor or medical expert consulted regarding causation of the | Defendant objects - work product and beyond the scope of discovery. | Under liberal discovery rules, Plaintiff is entitled to all information related to | Defendant's consultation of medical experts during the claims | |

1

Moving Party: ___Kevin Golden, Plaintiff by Matthew G. Miller___

|  | | | | | | |
|---|---|---|---|---|---|---|
|  | bills were caused by the collision. | Plaintiff's injuries prior to the filing of this lawsuit. | Bad faith claim has been stayed -not relevant to Plaintiff's contract claim. Subject to and without waiving its objections, Defendant has not yet determined expert witnesses for trial. | Defendant paying 77k of medical bills following collision- especially in light of the fact that the Defendant is now denying that the bills were caused by the collision. | handling process is irrelevant to the plaintiff's contract claim. |  |
| Def. Answer to Interrog No. 13 | The defendant is a corporate entity. If the defendant claims that the plaintiff made statements, representations, or admissions against his interest, the plaintiff is entitled to discover such. | State completely and fully all representations, statements or admissions against plaintiff's interests made by the plaintiff or any representative for the plaintiff, which you might attempt to make known to the judge or jury in the trial of this lawsuit. | Defendant objects - work product - see Defendant's Answer and discovery responses. | Plaintiff is entitled to know if Defendant claims the Plaintiff made admissions against his interest, and if so, to whom they were made, in order to allow the Plaintiff to assess the veracity and surrounding facts of such a claim. | This discovery request was not included in the parties' discussions regarding discovery responses that were in dispute. Defendant will supplement its response to this Interrogatory. |  |
| Def. Response to Request for Production No. 10 | That State Farm reviewed medical bills and records for Plaintiff's surgeries and determined they were caused by the collision as evidenced by their payment of the same. | Plaintiff requests a complete copy of the entire claim file, including all investigation of medical causation issues. Defendant's pre-suit demand that Plaintiff provide them his medical records along with statements by defendants agents that they would only pay the bills if they | Defendant objects - work product – Further, that discovery as to Plaintiff's bad faith claim has been stayed by the Court and the Request seeks information which is not relevant to Plaintiff's contract claim. Subject | Defendant is only obligated to pay medical expenses they determine were caused by the collision. Defendant's receipt of bills and records related to post collision surgeries, and their piecemeal payment of the same months after receiving the bills and records suggest Defendant determined | Defendant has produced approximately 2,100 pages of documents from the claim file. It has withheld internal State Farm documents reflecting claim handling, internal communications, and analysis and evaluation of |  |

2

| | | determined the injuries were caused by the collision, and their ultimate payment of the same, is completely at odds with the defendant now denying that the Plaintiffs surgeries and bills were caused by the accident. | to and without waiving its objections, see the attached documents. | the surgeries were caused by the collision. Given that Defendant now denies the surgeries were necessitated by the collision, the Defendant's claim files concerning his medical bills are exceedingly relevant to the key disputed issue in this case. | plaintiff's claim. These documents are irrelevant to plaintiff's contract claim and discovery as to plaintiff's bad faith claim has been stayed. | |
| --- | --- | --- | --- | --- | --- | --- |
| Def. Response to Request for Production No. 12 | That the defendant did in fact conclude the plaintiff's injuries and medical bills were caused by the collision before defendant paid plaintiff's medical bills. | All medical research, articles or authoritative text consulted or relied upon by any employee, agent, consultant or expert of the Defendant in the review and evaluation of Plaintiff's claim as to his injuries and causation of his injuries. | Defendant objects - work product - Further, that discovery as to Plaintiff's bad faith claim has been stayed by the Court and the Request seeks information which is not relevant to Plaintiff's contract claim. Subject to and without waiving its objections, see the attached documents. | Defendant is only obligated to pay medical expenses they determine were caused by the collision. Defendant's receipt of bills and records related to post collision surgeries, and their piecemeal payment of the same months after receiving the bills and records suggest Defendant determined the surgeries were caused by the collision. Given that Defendant now denies the surgeries were necessitated by the collision, the Defendant's claim files concerning his medical bills are exceedingly relevant to the key | Defendant's consultation of medical literature during the claims handling process is irrelevant to the plaintiff's contract claim. | |

3

Moving Party: Kevin Golden, Plaintiff by Matthew G. Miller

|  |  |  |  | disputed issue in this case. |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Counsel for Kevin Golden, Plaintiff:  Matthew G. Miller

Counsel for State Farm, Defendant:  Rex A. Rezac

Date:  May 12, 2020.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN GOLDEN, | CASE NO. 8:19-cv-219 |
| Plaintiff, | |
| vs. | PLAINTIFF'S STATEMENT REGARDING DISCOVERY DISPUTE |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant, | |

This is a contract case based upon the Plaintiff's policy with Defendant State Farm. Plaintiff had a policy with State Farm, which provided Medical Pay Coverage, as well as Uninsured Motorist Coverage. Plaintiff is seeking benefits under his Uninsured Motorist Protection for personal injuries he sustained in a motor vehicle collision. Plaintiff was rear-ended by an uninsured motorist. Following the collision, the Plaintiff underwent two shoulder surgeries, incurring medical expenses of $78,670.10.

***The State Farm Policy provides:***

*We* will pay:
1.  *medical expenses* incurred because of *bodily injury* that is sustained by an *insured* and caused by a motor vehicle accident…….

**Determining Medical Expenses**
*We* have the right to:
1.  obtain and use:
    a. utilization reviews;
    b. peer reviews; and
    c. medical bill reviews to determine if the incurred charges are *medical expenses*;
2.  use a medical examination of the *insured* to determine if:
    a. the *bodily injury* was caused by a motor vehicle accident…….and the expenses incurred are *medical expenses;*

1

State Farm received the medical bills and records for the plaintiff's treatment following the collision, which were provided on 3/30/18 and 8/30/18. State Farm issued various payments over the course of several months totaling $77,232.71, under Plaintiff's Medical Pay Coverage. In order to prove up on his claim for damages under his Uninsured Motorist policy with the defendant State Farm, the Plaintiff must show that the collision of September 12, 2017 caused him to suffer injuries. Now that the Plaintiff has filed suit seeking benefits under his Uninsured Motorist Coverage, the Defendant State Farm is denying that the $77,232.71 of medical bills from this collision, that they paid under the Medical Pay Coverage , were caused by the collision.

Parties are entitled to conduct discovery that is reasonably calculated to lead to the discovery of relevant evidence. The most significant, and now disputed, allegation in this case is whether the plaintiff's injuries and two shoulder surgeries were caused by the collision. The Defendant's admitted receipt of the Plaintiff's medical bills and records, and their payment of the same over the course of a number of months creates a reasonable inference that the Defendant reviewed the medical bills and records and that they found the bills to be caused by the collision. Conducting discovery on the Defendant's receipt, review and payment of the Plaintiff's medical bills following the collision, and their rationale for doing so goes directly to the heart of the most significant contested allegation in this lawsuit. Prior acts by a party defendant concerning a lawsuit's central allegation that are completely inconsistent with the position they assert in court pleadings are admissions by a party opponent and could not be more relevant to the jury's obligation to judge the credibility of the parties and the positions they take. A Plaintiff is not precluded from discovery of relevant evidence to prove his case simply because that evidence is in the control of the defendant.

Dated this 12 day of May, 2020.

                KEVIN GOLDEN, Plaintiff

By:    *s/Matthew G. Miller*
       Matthew G. Miller, #19092
       Matthew G. Miller, P.C., L.L.O.
       9290 W. Dodge Rd., Ste. 100
       Omaha, Nebraska 68114
       Phone: (402) 558-4900
       Facsimile: (402) 558-4906
       matt@mgmillerlaw.com
       ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12 day of May, 2020, the foregoing document was served via e-mail to the following:

Rex Rezac
Fraser Stryker PC LLO
500 Energy Plaza
409 S. 17th Street
Omaha, NE 68102
*Attorney for Defendant*
rrezac@fraserstryker.com
kmcclellan@fraserstryker.com
srolland@fraserstryker.com

                *s/Matthew G. Miller*

3



# FRASER STRYKER
PC LLO

LAWYERS

500 ENERGY PLAZA
409 SOUTH 17TH STREET
OMAHA, NEBRASKA 68102-2663
TELEPHONE 402.341.6000
TELEFAX 402.341.8290
WWW.FRASERSTRYKER.COM

REX A. REZAC
DIRECT DIAL: 402.978.5238
RREZAC@FRASERSTRYKER.COM

May 12, 2020

VIA E-MAIL nelson@ned.uscourts.gov

The Honorable Magistrate Michael D. Nelson
Roman L. Hruska U.S. Courthouse
111 South 18th Plaza, Suite 2210
Omaha, NE 68102

      RE:    Kevin Golden v. State Farm Mutual Automobile Insurance Company
                 Case No: 8:19-CV-219

Dear Judge Nelson:

      Pursuant to your Order dated May 5, 2020, this will serve as Defendant's position statement regarding the discovery dispute which we will be discussing by telephone conference on May 13, 2020.

      This case involves an uninsured motorist coverage claim arising from a motor vehicle accident occurring on September 12, 2017. No policy defenses have been raised. The Complaint also alleges a bad faith claim. Pursuant to the Court's Order of September 19, 2019, the bad faith claim was bifurcated for separate trial and discovery as to the bad faith claim was stayed. Only discovery relating to Plaintiff's contract claim is permitted.

      The uninsured motorist coverage provided by in the State Farm policy provides "We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle." Thus, the issue for trial will be the nature and extent of Plaintiff's damages that could have been recovered from the uninsured driver. Issues regarding the sufficiency of State Farm's claim handling, its analysis and evaluation of information obtained during the claim handling, and the basis for its claims decisions have no relevance to the contract claim and discovery regarding such issues has been stayed. As stated in the Court's Order bifurcating the claims:

The Honorable Magistrate Michael D. Nelson
May 12, 2020
Page 2

    Much of the evidence pertaining to the bad faith claim will be irrelevant to the contract claim. For instance, the communications between State Farm employees while handling the Plaintiff's claim and State Farm's motivation in denying the claim is not relevant to whether the defendant breached the contract terms.

    The current discovery dispute has already been resolved by the Court's Order staying discovery of the bad faith claim. The discovery requests identified by Plaintiff all seek to have State Farm produce documents and information relating to claim handling. Plaintiff should not be allowed a "second bite at the apple" regarding the issues already resolved by the Court's prior Order.

    Thank you for your consideration of this matter.

                                      Very truly yours,

                                      Rex A. Rezac
                                      FOR THE FIRM

RAR/klm
cc:    Matt Miller (via e-mail matt@mgmillerlaw.com)
2359067 v1